IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DUSAN DROBOT, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:10-CV-1656-K (BK) | |
| § | | |
| T. I. BARNES, et al., § | | |
| Defendants. § | Referred to U.S. Magistrate Judge for Pretrial Management | |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3 this case was referred for pretrial management.

## I. BACKGROUND

Plaintiff, a resident of Garland, Texas, filed this *pro se* civil rights action against Police Officer T. I. Barnes and the Garland Police Department alleging that Defendants used excessive force to unlawfully arrest him. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. On October 19, 2010, Plaintiff responded to the Magistrate Judge's questionnaire.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory . . . ." *Id.* at 327.

Plaintiff sues the Garland Police Department for failing to train and supervise properly its police officers. However, a plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the United States Court of Appeals for the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. Thus, Plaintiff seeks relief in this case from an entity that is not subject to suit under section 1983. *See Clayton v. Garland Police Dep't*, 2010 WL 2640258, (N.D. Tex. May 11, 2010), report and recommendation adopted, 2010 WL 2605258 (N.D. Tex. Jun. 28, 2010). Accordingly, his claims against the Garland Police Department are frivolous and subject to dismissal under 28 U.S.C. § 1915(e)(2).[1]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's claims against Defendant Garland Police Department be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] Pro se plaintiffs who name a non-jural entity as a defendant should be alerted and given an opportunity to amend before dismissal of the action. *See Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993). In this instance, the Court gave Plaintiff such an opportunity in the questionnaire. In his response to the questionnaire, Plaintiff specifically indicated that he wanted to pursue this action against the Garland Police Department. (See Doc. # 11 at 9.)

Contemporaneously with this recommendation, the undersigned ordered the issuance and service of process upon the remaining defendant, Officer T.I. Barnes.

SIGNED November 22, 2010.

	RENÉE HARRIS TOLIVER
	UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

	RENÉE HARRIS TOLIVER
	UNITED STATES MAGISTRATE JUDGE