IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DUSAN DROBOT,

   Plaintiff,

                  Civil Action No. 3-10-CV-1656-K-BK

v.

T.I. BARNES, et al.,

   Defendants.

## FINDINGS, CONCLUSION, AND RECOMMENDATION

The District Court assigned this case to the undersigned for pretrial management pursuant to *Special Order 3*. The cause is now before the Court on Defendant's *Motion for Summary Judgment* (Doc. 27). For the reasons set forth below, Defendant's *Motion for Summary Judgment* (Doc. 27) should be DENIED.

## I. BACKGROUND

This is a *pro se* civil action filed under 42 U.S.C. § 1983 by Plaintiff against Garland police officer, T.I. Barnes ("Officer Barnes") for excessive force, false arrest, unreasonable search, and deliberate indifference.[1] (Doc. 1 at 1). In his complaint and magistrate questionnaire response, Plaintiff alleges that on October 4, 2008, Defendant unreasonably searched, beat with a baton, and pepper sprayed Plaintiff. (Doc. 1 at 1, 2; Doc. 11 at 1). Plaintiff claims that Defendant then took Plaintiff to the hospital, parked far away from the entrance to the emergency room, and refused to help Plaintiff to the door. (Doc. 11 at 1). Plaintiff avers that he sustained

---

[1] *See Williams v. Westway Ford*, 2006 WL 1457540 at *10 (N.D. Tex. 2006) (if Plaintiff raises claims in his complaint or response to the magistrate's questionnaire, the claim is properly before the court).

1

injuries to his leg that cause him pain when he walks, and he seeks $50,000 in damages. (Doc. 11 at 3).

Defendant now asserts the defense of qualified immunity and seeks summary judgment as to Plaintiff's Fourth Amendment excessive force claim, contending that he used reasonable force in arresting Plaintiff. (Doc. 28 at 15).

Defendant, in his affidavit, stated that he was dispatched to a criminal mischief call and noticed Plaintiff standing in the public right-of-way near the curb. (Doc. 29 at 23). Defendant then saw Plaintiff duck behind a nearby tree, and Defendant got out of his patrol car to investigate. (*Id.*). Defendant noticed a strong alcohol odor coming from Plaintiff and concluded that Plaintiff was intoxicated. (*Id.*). Defendant arrested Plaintiff for public intoxication, at which time Plaintiff allegedly became very agitated. (*Id.*) Defendant states that Plaintiff tried to flee, and a struggle ensued. (Doc. 29 at 24). In his affidavit, Defendant does not discuss the amount of force he used on the Plaintiff, but only states the force was reasonable. (*Id.*).

In response, Plaintiff argues that a jury could reasonably conclude that Officer Barnes's use of the baton constituted excessive force under the circumstances alleged by Plaintiff. (Doc. 31 at 6). These circumstances include: "Plaintiff was arrested for a minor, non-violent crime"; "he did not pose a serious threat to anyone's safety"; "he did not attempt to escape"; "he was no longer resisting at the time he was beaten"; and "he was not given an opportunity to comply with the officers' instructions to get on the ground." (Doc. 31 at 6).

## II. APPLICABLE LAW AND ANALYSIS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party need not produce evidence negating the existence of a material fact, but need only point out the absence of evidence supporting the nonmoving party's case. *Celotex*, 477 U.S. at 325 (stating the burden on the moving party may be discharged by "showing," that is, pointing out to the district court, that there is an absence of evidence to support the nonmoving party's case).

Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotes omitted). If the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Id*. Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.1994). Indeed, the party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.1998). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id*.; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n. 7 (5th Cir. 1992).

Title 42 U.S.C. § 1983 "provides a federal cause of action for the deprivation, under color

of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under section 1983, Plaintiff must allege facts that show (1) he has been deprived by Defendants of a right secured by the Constitution and the laws of the United States, and (2) Defendants were acting under color of state law. See *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009) (citation omitted). The qualified immunity inquiry involves two prongs that the Court must answer affirmatively before an official is subject to liability: (1) whether the defendant's conduct violated a constitutional right, and (2) whether the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the violation. *Id*. at 816. A court can begin its assessment with either prong. *Id.* at 818 (overruling in part *Saucier v. Katz*, 533 U.S. 194 (2001)).

**A.    Plaintiff's Claim for Use of Excessive Force During his Arrest**

Claims that police have used excessive force in the course of an arrest must be analyzed under the Fourth Amendment and its reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 386 (1989). The protections of the Fourth Amendment extend to an arrestee until he becomes a pretrial detainee, which occurs after (1) the arrest is complete, (2) he has been released from the arresting officer's custody, and (3) he has been in detention awaiting trial for a significant period of time. *Valencia v. Wiggins*, 981 F.2d 1440, 1444 (5th Cir. 1993). The force used by a police officer in carrying out an arrest must be reasonably proportionate to the need for that force, which

4

is measured by the severity of the crime, the danger to the officer, and the risk of flight. *Graham*, 490 U.S. at 396.

In this case, the evidence regarding the claim of excessive force is conflicting. (Doc. 11 at 1; Doc. 29 at 24). Specifically, the evidence diverges as to how the events unfolded and how much force Defendant used on Plaintiff. (*Id.*). In his sworn response to the magistrate questionnaire,[2] Plaintiff states: (1) he was on his property at all times; (2) Defendant called for an ambulance while searching Plaintiff; (3) he was sprayed with pepper spray and was beaten on the leg with a baton; (4) as he went to the ground Defendant continued hitting him; and (5) after Plaintiff was handcuffed, Defendant continued hitting him. (Doc. 11). In contrast, Defendant states: (1) Plaintiff was standing in the public right of way; (2) Plaintiff ducked behind a tree; (3) Plaintiff was intoxicated; (4) Plaintiff became agitated after Defendant attempted to place him under arrest for public intoxication; (5) Plaintiff attempted to flee; and (6) Defendant used only the amount of force that was necessary to safely take Plaintiff into custody. (Doc. 29).

Plaintiff has met his burden of proving that there is a genuine issue of material fact because the record, taken as a whole, contains conflicting accounts of the facts at issue. *Celotex*, 477 U.S. at 323; (Doc. 11 at 1; Doc. 29 at 24). While the evidence does establish Plaintiff was intoxicated, the evidence in the record does not conclusively establish the remaining circumstances and amount of force used. (Doc. 11). Moreover, while Defendant's recitation of the events would lead the Court to find that his actions were reasonable, Plaintiff has come forward with specific facts that would lead the Court to the opposite conclusion.

---

[2]*See Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) (a verified complaint may serve as competent summary-judgment evidence); *see also King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)

5

At this stage of the proceedings, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Therefore, these genuine issues of material fact prevent this Court from determining whether Defendant's acts were objectively reasonable in light of clearly established law at the time of the violation. *Pearson*, 129 S.Ct. at 815. In viewing the facts most favorable to Plaintiff, the trier of fact could reasonably conclude Defendant's conduct violated Plaintiff's constitutional right against excessive force and was not objectively reasonable. Accordingly, Defendant's *Motion for Summary Judgment* (Doc. 27) is DENIED.

**B.      Plaintiff's Claims of False Arrest, Unreasonable Search, and Deliberate Indifference**

Since Defendant, in his *Motion for Summary Judgment* (Doc. 27), failed to address Plaintiff's claims of false arrest, unreasonable search, and deliberate indifference, these claims remain unresolved.

### III. CONCLUSION

For the foregoing reasons, it is recommended that Defendant's *Motion for Summary Judgment* (Doc. 27) be **DENIED**.

**SO RECOMMENDED** on July 28, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE