IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DUSAN DROBOT, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:10-CV-1656-K-BK |
| § | |
| OFFICER T.I. BARNES, § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, and RECOMMENDATION**

Pursuant to *Special Order 3*, this case was referred to the undersigned for pretrial management. The Court now considers Defendant's *Motion for Sanctions,* which seeks sanctions for Plaintiff's continued refusal to respond to Defendant's discovery requests and to the Court's order compelling him to do so. (Doc. 40). Specifically, Defendant requests that the Court dismiss Plaintiff's case pursuant to FED. R. CIV. P. 37. For the reasons that follow, the Court recommends that Defendant's *Motion for Sanctions* (Doc. 40) be GRANTED, and that Plaintiff's case be DISMISSED with prejudice.

On December 19, 2011, the Court ordered Plaintiff to respond to Defendant's discovery requests, and cautioned Plaintiff that if he failed to comply with the Court's order, "the Court may recommend dismissal of Plaintiff's case." (Doc. 38). A hearing was held before the undersigned on February 16, 2012. Plaintiff and his counsel failed to appear at the hearing, despite being ordered to appear and show cause why this case should not be dismissed. (Doc. 42-43).

Federal Rule of Civil Procedure 37 provides that "[i]f a party. . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just

orders [that] may include . . . dismissing the action or proceeding." FED. R. CIV. P. 37(b)(2)(v); *see also Morton v. Harris*, 628 F.2d 438, 440 (5th Cir. 1980) (same). In addition, Rule 41 allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985).

For more than four months, Plaintiff has failed to respond to Defendant's discovery requests. Defendant avers that Plaintiff "made it abundantly clear that he did not intend to respond to Officer Barnes' outstanding discovery stating that Officer Barnes 'already has all the information he needs.'" (Doc. 37 at 2). In addition, Plaintiff now has failed to comply with the Court's orders to (1) respond to Defendant's discovery requests, and (2) appear and show cause why his case should not be dismissed. (Docs. 38, 42). Accordingly, the Court recommends that Defendant's *Motion for Sanctions* (Doc. 40) be GRANTED, and that this case be **DISSMISSED** with prejudice under Rules 37 and 41 of the Federal Rules of Civil Procedure.[1]

**SO RECOMMENDED** on February 16, 2012.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

1  This Court finds that Plaintiff's behavior of not following court orders, while both counseled and uncounseled, constitutes willful delay and contumacious conduct, and that Defendant has been prejudiced by having to answer and defend this suit, which warrants the severe penalty of dismissal with prejudice. *See Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981); *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE