IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DUSAN DROBOT, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:10-CV-1656-K-BK |
| § | |
| OFFICER T.I. BARNES, § | |
| Defendant. § | |

## FINDINGS, CONCLUSION, AND RECOMMENDATION

Pursuant to the District Court's *Order of Reference* (Doc. 48), Plaintiff's *Motion to Reopen Case* (Doc. 47) has been referred to the undersigned for a determination. After reviewing the parties' arguments and the procedural history of the case, it is recommended that Plaintiff's motion be **DENIED**.

On March 8, 2012, Plaintiff's case was dismissed with prejudice due to Plaintiff's consistent failure to comply with the Court's orders to respond to Defendant's discovery requests and to appear and show cause to contest dismissal. (Docs. 44-46). Sanctions were also imposed on Plaintiff. (Docs. 44, 45).

Plaintiff bases his motion on Federal Rule of Civil Procedure 60(b)(3), which states, in part, that a court may relieve a party from a final judgment for fraud, misrepresentation, or misconduct by an opposing party. (Doc. 47 at 1). Plaintiff also asserts his motion is filed within a reasonable time under Federal Rule of Civil Procedure 60(c). *Id.* Plaintiff claims that he responded to the discovery requests of the Defendant and that Defendant's allegations of nonproduction constitute misconduct of Defendant's counsel. (*Id.* at 2). Rather than specify which discovery request he complied with, or support his allegation of fraud, the remainder of Plaintiff's motion consists of a summary of the history and purpose of Rule 60(b). (*Id.* at 2-4).

Defendant responds by highlighting the vagueness of Plaintiff's allegations. (Doc. 49 at 3). Defendant contends that there were three discovery requests (notice of a deposition, interrogatories and requests for production), and although Defendant did appear for his deposition, he failed to respond to the interrogatories or requests for production. *Id.* Defendant also argues that Plaintiff's allegations of fraud are unsupported. *Id.*

The Court agrees that Plaintiff's allegations of fraud, misrepresentation, or misconduct are wholly unsupported. The only evidence here is that Plaintiff, while both counseled and uncounseled, consistently and intentionally failed to respond to Defendant's interrogatories and requests for production. (Doc. 37 at 2). Moreover, Plaintiff offers **no excuse** for his total disregard of the Court's orders, including his failure to appear as ordered at a show cause hearing held February 16, 2012. (Doc. 42-43). Finally, Plaintiff was given fair warning that the likely consequence of his behavior was dismissal of this case. (Doc. 38, 42). Accordingly, it is recommended that Plaintiff's *Motion to Reopen* (Doc. 47) be **DENIED**.

**SIGNED** October 23, 2012.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE